and filed by those who are engaged in the unauthorized practice of law for parties that are not capable of self-representation are "null and void." Instead, *Haggard* holds only that judgments resulting from proceedings in which that conduct occurs may not be attacked on that basis when no objection to the conduct was asserted in a timely manner.[10]

### III. Conclusion

For the reasons stated above, the judgment of the trial court is affirmed.[11]

---

**10.** Of course, no objection or motion is required for a court to act *sua sponte* to strike filings on this basis. *Haggard*, 238 S.W.3d at 154 (parties "cannot consent to the unauthorized practice of law"). But, as a practical matter, the parties are in a superior position to identify misconduct of this type. Trial courts cannot monitor every filing in every case and may have no occasion to review any filing in a given case until that case (or some part of it) is presented for decision, at which time the court's attention properly is on the merits of the dispute and not the propriety of the parties' representation.

**11.** The briefs and arguments of all parties claim that there was general agreement in the trial court that the Partnerships' claims are subject to a five-year statute of limitations and, therefore, those claims would be barred if not asserted in the Original Petition. On appeal, the Partnerships contend that the trial court shared this assumption and that this assumption is reflected in the judgment. This Court disagrees. None of the Defendants' motions to dismiss argued that the Partnerships' claims would be barred unless filed on or before September 21, 2011, or that any attempt by the Partnerships to bring their claims after that date would not relate back to the Original Petition, which all parties con-

---

Daniel E. RULO, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 75317.

Missouri Court of Appeals,
Western District.

Dec. 10, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 2014.

Application for Transfer Denied March 25, 2014.

Mary Highland Moore, Jefferson City, for respondent.

cede was effective for purposes of asserting Dilks' claims. Therefore, whatever the trial court's beliefs may have been concerning the applicable statute of limitations, that issue was not addressed in the judgment. Consequently, this Court makes no determination as to the applicable limitation period(s) or whether any claim is or is not barred. If the Partnerships, through counsel, seek leave in an appropriate motion to assert their claims as the case progresses, nothing in this opinion should be taken as expressing any view regarding whether such a motion should be sustained or, if sustained, whether such claims relate back under Rule 55.33 to September 21, 2011, when Dilks' claims first were filed. *Compare Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 117 (Mo.App.2006) (holding amendment adding a new plaintiff and new claim related back to original plaintiff's date of filing) *with Caldwell v. Lester E. Cox Med. Centers–S., Inc.*, 943 S.W.2d 5, 9 (Mo.App.1997) (holding father's amendment adding son's lost chance of survival claim in father's capacity as plaintiff *ad litem* did not relate back to original wrongful death claim filed in father's individual capacity).

Damien Sepher Bhakti De Loyola, Kansas City, for appellant.

Before Division I ALOK AHUJA, P.J. and THOMAS H. NEWTON and ANTHONY REX GABBERT, JJ.

### ORDER

PER CURIAM:

Daniel E. Rulo appeals the denial of his Rule 29.15 motion for post-conviction relief after an evidentiary hearing. We affirm. Rule 84.16(b).

**SHELTER MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Jay MacVITTIE and Debra MacVittie, Respondents.**

**No. WD 76401.**

Missouri Court of Appeals, Western District.

Dec. 24, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 2014.

Application for Transfer Denied March 25, 2014.